[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#105)
This is an action by property owners arising out of their complaint about diversion of storm water from two streets onto their land, causing flooding of the premises from time to time. The fourth count alleges violations of the Connecticut Unfair Trade Practices Act, Section 42-110b of the Connecticut General Statutes, against the defendant, Southbury Associates, a real estate agency, which sold them the premises. The sixth count also sounds in a CUTPA violation against the individual defendant, Janet Gall, who is associated with the real estate firm. The defendants, Southbury Associates and Gall, have moved to strike the fourth count on the grounds that one act of negligence is not sufficient to constitute a CUTPA violation. However, the complaint alleges the nondisclosure was intentional in that it was intended or expected to cause a mistake as to the true condition of the property in order to induce the plaintiffs to purchase it. Intentional conduct alleged together with other factual elements of fraud is sufficient to place the matter within the penumbra of a CUTPA claim.
The defendant also has alleged that the plaintiffs have only alleged a single isolated instance, not a practice. The provisions of Section 42-110b deal with practices, not a one time incident of misconduct, constituting a private wrong. For lack of an allegation that the defendant has engaged in the CT Page 10566 conduct as a practice so as to bring it within the penumbra of a public dispute, counts 4 and 6 are struck. See Mead v. Burns,199 Conn. 651; Ivey, Barnum O'Meara v. Indian Harbor Properties,Inc., 190 Conn. 528; Koehm v. Kuhn, 41 Conn. Sup. 130
(1989); Dalton v. Kuell, 10 Conn. L. Rptr.
/s/ Flynn FLYNN, J.